# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES,

    **Plaintiff,**

          **v.**

MIGUEL ÁNGEL AGOSTO-PACHECO [1],

    **Defendant.**

**Criminal No.** 18-082 (FAB)

## OPINION AND ORDER

BESOSA, District Judge.

Before the Court is defendant Miguel Ángel Agosto-Pacheco ("Agosto")'s motion to exclude evidence pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)"). (Docket No. 290.) For the reasons set forth below, Agosto's motion *in limine* is **DENIED without prejudice.**

## I.   Background

This criminal action concerns an alleged international drug-trafficking organization. On February 8, 2018, a grand jury returned an indictment charging Agosto, Jerry Hernández-Peña ("Hernández"), Luis Vázquez-Rodríguez ("Vázquez"), Anthony Abreu-Matos ("Abreu"), Luis Ramos-Cordero ("Ramos"), and Juan Tapia-Soto ("Tapia") with conspiring to possess with the intent to distribute at least five kilograms of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) (count one), and conspiring to import at least five

kilograms of cocaine from Venezuela to the United States in violation of 21 U.S.C. §§ 963, 952 and 960(a)(1) (count two).[1] Trial is scheduled to commence after the disposition of Tapia's and Agosto's motions to suppress. See Docket Nos. 267, 287, 298 and 299.

The United States intends to elicit evidence pertaining to Agosto's prior arrest in Case No. 99-352 (JAF), and his conviction in Case No. 01-030 (JAF) ("prior bad acts"). (Docket No. 262 at p. 2.) In 1998, Agosto purportedly served as an associate on the La Perla Committee, a drug-trafficking organization in San Juan, Puerto Rico. (Docket No. 297 at p. 1.) On November 23, 1999, a grand jury charged Agosto with conspiring to possess with the intent to distribute cocaine and heroin in violation of 21 U.S.C. § 846 ("drug-trafficking allegations"). (Case No. 99-352, Docket No. 1.) Subsequently, a grand jury charged Agosto with money laundering in violation of 31 U.S.C. §§ 5313 and 5322(b) ("money laundering allegations"). (Case No. 01-030, Docket No. 1.) The United States moved to dismiss the drug-trafficking allegations pursuant to Federal Rule of Criminal Procedure 48(a). (Docket

---

[1] The indictment also alleges that on November 30, 2017, Abreu, Ramos and Tapia attempted to import at least five kilograms of cocaine in violation of 21 U.S.C. §§ 963, 952 and 960(a)(1) (count three). (Docket No. 2.) Also, Hernández and Vázquez allegedly attempted to import at least five kilograms of cocaine on December 16, 2017 (count four). Id. This "complex case" involves "four events in [Puerto Rico], two interdictions [on] the high seas, one meeting and one smuggling intervention." (Docket No. 110.)

No. 142.)  Subsequently, the Court entered judgment of discharge on January 25, 2001.  Id.  Agosto pled guilty to the money laundering allegations on January 24, 2001, receiving a sentence of five-months imprisonment.  (Case No. 01-030, Docket Nos. 2 and 6.)

The United States asserts that the prior bad acts are probative of Agosto's "knowledge that he possessed cocaine" and "intent to distribute drugs."  (Docket No. 297 at p. 3.)  Agosto contends, however, that this evidence is inadmissible pursuant to Rule 404(b).  (Docket No. 290.)

## II.  Federal Rule of Evidence 404(b)

Rule 404(b) prohibits the admission of prior bad acts to establish an individual's character or propensity to commit a crime.  Fed. R. Evid. 404(b).  The rule permits, however, the admission of prior bad acts "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."  United States v. Landry, 631 F.3d 597, 602 (1st Cir. 2011) (citing Fed. R. Evid. 404(b)); see United States v. Gilbert, 229 F.3d 15, 25 (1st Cir. 2000) (noting that "Rule 404(b) is a rule of inclusion").  The "other purposes" enumerated in Rule 404(b) are "illustrative, not exhaustive."  United States v. Rodríguez-Soler, 773 F.3d 289, 297 (1st Cir. 2014) (citation omitted) (affirming admission of 404(b)

evidence demonstrating that the defendant "knew some of the conspirators, a non-propensity purpose").

The proponent of Rule 404(b) evidence must satisfy a two-part test. <u>Landry</u>, 631 F.3d at 602. First, "the evidence must have 'special relevance' to an issue in the case such as intent or knowledge." <u>United States v. Varodakis</u>, 233 F.3d 113, 118 (1st Cir. 2000) (internal citations omitted); <u>see, e.g.</u>, <u>United States v. Castro-Ward</u>, 323 F. Supp. 3d 304, 306 (D.P.R. 2018) ("Evidence that Castro previously smuggled contraband into federal detention facilities demonstrates both that she knowingly possessed contraband, and intended to conceal cellular phones from BOP officials on July 30, 2016.") (Besosa, J.). Courts consider the temporal proximity of the prior bad acts and the degree of similarity to crimes charged in the indictment. <u>United States v. Landrau-López</u>, 444 F.3d 19, 23 (1st Cir. 2006). Second, "under [Federal Rule of Evidence 403], evidence that is specially relevant may still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." <u>Varodakis</u>, 233 F.3d at 119.

"In the Rule 404(b) context, evidence of similar acts is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." <u>United States v. DeCicco</u>, 370 F.3d 206, 211 (1st Cir. 2004) (citing <u>Huddleston v.</u>

United States, 485 U.S. 681, 689-90 (1998)).  The Court need only

find that the United States has presented sufficient

circumstantial evidence so that a jury could reasonably conclude

by a preponderance of evidence that the defendant committed the

prior bad act.  Id. at 212.  Ultimately, the admission of 404(b)

evidence is "committed to the sound discretion of the trial court"

and subject to an abuse of discretion standard of review.  United

States v. Fields, 871 F.2d 188, 196 (1st Cir. 1989)) (citation

omitted).

## III. Discussion

     The linchpin of Agosto's motion *in limine* concerns the special

relevance prong of the 404(b) analysis.  Agosto sets forth two

arguments.  First, he maintains that the prior bad acts "have

absolutely no resemblance to the facts of this case."  (Docket

No. 129 at p. 4.)  Second, Agosto argues that "twenty-year old

facts cannot possibly establish" knowledge and intent.  Id. at

p. 3.[2]

---

[2] Agosto argues that "the fact the Government moved to dismiss [his] 1999 drug
charges is an admission that they did not, in fact, have the evidence to convict
[Agosto] of this crime." (Docket No. 290 at p. 4.)  This statement is based on
unsupported conjecture and is irrelevant for purposes of Rule 404(b).  Rule
404(b) applies to "crimes, **wrongs, or other acts**." Fed. R. Evid. 404(b)
(emphasis added).  Proof of a prior conviction is not required pursuant to
404(b).

A.    **Temporal Proximity**

The passage of time "substantially weakens [the] probative value [of 404(b) evidence] and weighs in favor of exclusion." United States v. Mare, 668 F.3d 35, 41 (1st Cir. 2012) (citing Fields, 871 F.2d at 198).   The First Circuit Court of Appeals has adopted a "reasonableness standard that requires evaluation of the particular facts of each case." United States v. Rodríguez, 215 F.3d 110, 121 (1st Cir. 2001).   Because 404(b) evidence is contingent on the context of each case, there "is no *per se* rule to determine when a prior bad act is 'too old' to be admissible." Id. at 120; United States v. Strong, 415 F.3d 902, 905 (8th Cir. 2005) ("We stated that the answer to how long is too long [for 404(b) evidence] depends on the theory that makes the evidence admissible.")   Indiscriminate exclusion of 404(b) evidence based on the number of years separating the prior bad

acts and the allegations set forth in the indictment is

inconsistent with the 404(b) analysis.[3]

###    B.    Similarity Between the Indictment and Prior Bad Acts

        To secure a conviction, the United States must "show the

existence of a conspiracy, [Agosto's] knowledge of the conspiracy,

and [his] voluntary participation in the conspiracy."    United

States v. Monserrate-Valentín, 729 F.3d 31, 41 (1st Cir. 2013)

(internal quotation and citation omitted).    Indeed, 404(b)

evidence is "'specially relevant' when it tends to prove one or

more of the elements of the crime of conspiracy."    United States

v. Rodríguez, 215 F.3d 110, 119 (1st Cir. 2000).    That Agosto

allegedly served as a lieutenant to a drug point owner in 1998 is

potentially probative of his knowledge and intent to import cocaine

in 2017.    (Case No. 99-352, Docket 142.)    On this limited record,

---

[3] Courts have permitted the admission of prior bad act evidence predating the indictment by more than ten years.    See United States v. Warren, 788 F.3d 805, 811-12 (8th Cir. 2015) ("[The defendant's] oldest conviction was in 1999 for possession of a controlled substance, nearly fifteen years before these similar charges of conspiring to possess with intent to distribute cocaine.    Although there is no absolute rule about remoteness in time, we have upheld the introduction of fifteen-year old convictions that were similar to the crime charged.") (citing cases); United States v. Morton, 461 Fed. Appx. 252, 254 (4th Cir. Jan. 12, 2012) (affirming admission of 404(b) evidence because "[a]lthough approximately thirty years have passed since Morton was convicted of committing the prior robberies, those convictions are similar to the charged offenses, and Morton spent much of the intervening time incarcerated."); United States v. Williams, 308 F.3d 833, 836-37 (8th Cir. 2002) (affirming admission of prior bad acts demonstrating that the defendant "robbed cab drivers with the aid of a knife six times in twenty years, sixteen of which were spent in custody"); United States v. Hernández-Guevara, 162 F.3d 863, 873 (5th Cir. 1998) ("Although Hernández's 1979 conviction was nearly eighteen years old, it involved the same crime as was charged in the indictment.    Therefore, we cannot say that the district court abused its discretion in admitting this conviction.").

however, the Court cannot determine whether the prior bad acts are sufficiently similar to the allegations set forth in the indictment.

The First Circuit Court of Appeals' decision in <u>United States v. Lynn</u> is illustrative. 856 F.2d 430 (1st Cir. 1988) (Fusté, J.).[4] In 1985, the jury convicted the defendant of, among other offenses, possession with the intent to distribute marijuana in violation of 21 U.S.C. § 841(a). <u>Id.</u> at 431. To establish the existence of a common scheme and intent at trial, the United States introduced evidence of the defendant's 1974 arrest and conviction for possession with the intent to distribute marijuana. <u>Id.</u> at 435. The <u>Lynn</u> court reversed and vacated the defendant's conviction, citing the erroneous admission of 404(b) evidence. <u>Id.</u> After noting that the "participants in [the 1974 and 1985] events were entirely different," the First Circuit Court of Appeals held that it "[could not] uphold the district court's finding that the prior crimes evidence was probative of a common plan or scheme." <u>Id.</u> With respect to intent, the "states of mind of someone who consummated a street sale to an undercover agent and one who participated in an international smuggling conspiracy" implicated the impermissible propensity inference prohibited by 404(b). <u>Id.</u> at 436.

---

[4] Sitting by designation.

The <u>Lynn</u> decision stands in juxtaposition to <u>United States v. Henry</u>, 848 F.3d 1 (1st Cir. 2017). There, a grand jury charged the defendant with possessing crack cocaine with the intent to distribute. <u>Id.</u> at 1. The district court permitted the United States to admit evidence of the defendant's prior drug-related conviction "to prove intent." <u>Id.</u> at 5. The First Circuit Court of Appeals affirmed, noting that "we have repeatedly upheld the admission of prior drug dealing by a defendant to provide a present intent to distribute." <u>Id.</u> at 8 (citing <u>United States v. Nickens</u>, 955 F.2d 112, 124-25 (1st Cir. 1992) ("The jury may have permissibly inferred that persons who have distributed cocaine from California, are more likely than those who have not, to want to import cocaine from Ecuador).[5] The diverging outcomes in <u>Lynn</u> and <u>Henry</u> are emblematic of the fact-specific 404(b) analysis. For instance, 404(b) evidence is particularly relevant to counter allegations that the defendant's association with coconspirators and presence at the crime scene was "wholly innocent." <u>Rodríguez</u>, 215 F.3d at 119 (noting that the "government needed [the 404(b) evidence] to counter Santana's claim that he was just a fisherman

---

[5] <u>See</u> <u>United States v. Doe</u>, 741 F.3d 217, 230 (1st Cir. 2013) ("Evidence of prior transactions was relevant to the critical questions of [the defendant's] knowledge that the substance was in fact crack and to show that he intended to distribute that crack."); <u>United States v. Manning</u>, 79 F.3d 212, 217 (1st Cir. 1996) ("The evidence that Manning had previously sold cocaine makes it more likely both that he was aware of the contents of the plastic bags in the briefcase and that he intended to distribute the two bags of cocaine.").

who liked the waters off St. Thomas and who was innocently caught

up with others who, if they intended a crime, had not told him

their purpose").

        Whether the prior bad acts are admissible will be

determined in the context of trial, allowing the Court to place

the 404(b) evidence in context.[6]  See, e.g., United States v.

Meléndez-Cano, Case No. 96-166, 1997 U.S. Dist. LEXIS 6959 *4—5

(D.P.R. Apr. 21, 1997) ("The Court refuses to perform a balancing

test without having first received the underlying indictment

evidence and then receiving the complete nature of the 'prior bad

acts' facts.") (Domínguez, J.).  Introduction of this evidence, if

deemed admissible, will occur in accordance with the Federal Rules

of Evidence and the Confrontation Clause of the Sixth Amendment.

See Fed. R. Evid. 801 and 802; U.S. Const. amend. VI.

## IV.  Conclusion

        For the reasons set forth above, Agosto's motion to exclude

the prior bad act evidence is **DENIED without prejudice.**  (Docket

No. 290.)  The United States **SHALL** request leave from the Court

before eliciting evidence of Agosto's prior bad acts.

---

[6] See Fields, 871 F.2d at 197 ("The true nature of Bramble's and Field's association was not affirmatively demonstrated by another other evidence, a factor which favors admission.") (citing 2 Louisell & Mueller, Federal Evidence § 140 at 116-17 (1978) ("If there is simply no other practical means to prove the point, the need factor points strongly toward receipt of other crimes evidence.  If, on the contrary, the point is conceded, or strongly supported by other proof, then the need factor points toward exclusion, and should weigh heavily, perhaps decisively, on the scales.")).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December 4, 2019.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE