# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES,

    **Plaintiff**,

        **v.**

MIGUEL AGOSTO-PACHECO [1],

    **Defendant**.

**Criminal No.** 18-082 (FAB)

## OPINION AND ORDER

BESOSA, District Judge.

Before the Court is defendant Miguel Agosto-Pacheco ("Agosto")'s motion to dismiss the indictment against him pursuant to the Speedy Trial Act ("STA"), 18 U.S.C. §§ 3161 *et seq*. (Docket No. 300.) For the reasons set forth below, Agosto's motion to dismiss is **DENIED**.

## I. Background

This criminal action concerns an alleged international drug-trafficking organization. On February 8, 2018, a grand jury returned an indictment charging Agosto, Jerry Hernández-Peña ("Hernández"), Luis Vázquez-Rodríguez ("Vázquez"), Anthony Abreu-Matos ("Abreu"), Luis Ramos-Cordero ("Ramos"), and Juan Tapia-Soto ("Tapia") with conspiring to possess with the intent to distribute at least five kilograms of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) (count one), and conspiring to import at least five

kilograms of cocaine from Venezuela to the United States in violation of 21 U.S.C. §§ 963, 952 and 960(a)(1) (count two).[1] Trial is scheduled to commence after the disposition of Tapia's and Agosto's motions to suppress. See Docket Nos. 267, 287, 298 and 299. Agosto moves to dismiss the indictment against him with prejudice pursuant to the STA. (Docket No. 300.)

## II.  **The Speedy Trial Act**

Congress enacted the Speedy Trial Act in 1974 to "protect a defendant's constitutional right to a speedy trial, and to serve the public interest in bringing prompt criminal proceedings." United States v. Santiago-Bercerril, 130 F.3d 11, 14 (1st Cir. 1997) (internal citation and quotation omitted); United States v. Bailey-Snyder, 923 F.3d 289, 295 (3rd Cir. 2019) (noting that "the Speedy Trial Act [gives] effect to the Sixth Amendment's speedy trial guarantee by setting limits within which trials must

---

[1] The indictment also alleges that on November 30, 2017, Abreu, Ramos and Tapia attempted to import at least five kilograms of cocaine in violation of 21 U.S.C. §§ 963, 952 and 960(a)(1) (count three). (Docket No. 2.) Also, Hernández and Vázquez allegedly attempted to import at least five kilograms of cocaine on December 16, 2017 (count four). Id. This "complex case" involves "four events in [Puerto Rico], two interdictions [on] the high seas, one meeting and one smuggling intervention." (Docket No. 110.)

begin.");  see 18 U.S.C. §§ 3161 *et seq.*[2]  Pursuant to the STA,

Agosto must stand trial "within seventy days from the filing date

(and making public) of the information or indictment, or from the

date [he] appeared before a judicial officer of the court in which

such charge is pending, whichever date last occurs."  18 U.S.C. §

3161(c)(1).[3]  Failure to commence trial within this seventy-day

timeframe requires dismissal of the indictment "on motion of the

defendant."  18 U.S.C. § 3162(a)(2).  Agosto shoulders the burden

of establishing an STA violation.  See 18 U.S.C. § 3162(a)(2).

Although the statutory deadlines are defined in express

terms, Congress nevertheless recognized that delay may occur for

legitimate reasons.  See United States v. Vogl, 374 F.3d 976, 986

(10th Cir. 2004) (noting that "Congress sought to structure a

method of calculating time which would reasonably and practically,

although not necessarily directly, related to the just needs for

pretrial preparation in a particular case").  Indeed, the STA

"contemplates that certain periods of time will be excluded from

---

[2] The constitutional and statutory rights to a speedy trial are distinct.  United
States v. Muñoz-Amado, 182 F.3d 57, 61 (1st Cir. 1999); see, e.g., United States
v. Pereira, 312 F. Supp. 3d 262, 278 (D.P.R. 2018), Crim. No. 12-413, Docket
No. 2226 (May 30, 2018) (although there was no STA violation, the Court dismissed
all charges against defendant Pedro San Lucas with prejudice pursuant to the
Sixth Amendment) (Besosa, J.).  Agosto predicates his motion to dismiss
exclusively on the STA.  (Docket No. 300.)  Accordingly, the Court need not
conduct a Sixth Amendment speedy trial analysis.

[3] For purposes of the STA, "trial generally commences when *voir dire* begins."
United States v. Brown, 819 F.3d 800, 815 (6th Cir. 2016) (citation omitted).

the computation." United States v. Staula, 80 F.3d 596, 600 (1st

Cir. 1996); Zedner v. United States, 547 U.S. 489, 497 (2006) ("To

provide the necessary flexibility, the Act includes a long and

detailed list of periods of delay that are excluded in computing

the time within which trial must start."). The relevant STA

exclusions for purposes of Agosto's motion to dismiss pertain to

delay attributable to proceedings and continuances.

### A.   The Speedy Trial Clock is Tolled for Proceedings Concerning the Defendant

The Act excludes "delay resulting from other proceedings

concerning the defendant." 18 U.S.C. § 3161(h)(1); see United

States v. Mitchell, 723 F.2d 1040, 1045 (1st Cir. 1983). The term

"other proceedings" is expansive, including: (1) "any pretrial

motion, from the filing of the motion through the conclusion of

the hearing on, or other prompt disposition of, such motion," (2)

"consideration by the court of a proposed plea agreement to be

entered into by the defendant and the attorney for the Government,"

and (3) "delay reasonably attributable to any period, not to exceed

thirty days during which any proceeding concerning the defendant

is actually under advisement by the court." 18 U.S.C § 3161(h)(1).

"Motions that do not require a hearing may toll the seventy-day

time limit for up to thirty days." Santiago-Becerril, 130 F.3d at

17 (citing Henderson v. United States, 476 U.S. 321, 329 (1986)).

Delay attributable to a proceeding, including pre-trial motions

and hearings, is tolled automatically.  <u>United States v. Valdivia</u>, 680 F.3d 33, 38 (1st Cir. 2012).

**B.    The Speedy Trial Clock May Stop for Any Period of Delay Resulting from a Continuance**

The Speedy Trial Act excludes "delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government."  18 U.S.C. § 3161(h)(7); <u>see</u> <u>United States v. Apicelli</u>, 839 F.3d 76, 83 (1st Cir. 2016) ("Normally, a court may issue an ends-of-justice continuance at 'the request of the defendant or his counsel.'").   This exclusion is permissive. <u>Id.</u>; <u>see</u> <u>Zedner</u>, 547 U.S. at 498 ("This provision gives the district court discretion — within limits and subject to specific procedures — to accommodate limited delays for case-specific needs.").   The Court must determine whether "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."   18 U.S.C. § 3161(h)(7).  The STA delineates factors "a court shall consider in considering an ends of justice continuance, such as whether a failure to grant the continuance would unreasonably deny the defendant . . . continuity of counsel" or reasonable time for effective preparation.  <u>United States v. Pakala</u>, 568 F.3d 47, 58 (1st Cir. 2009) (internal quotation omitted) (citing 18 U.S.C. § 3161(h)(7)(B)).   The Court need not, however, "explicitly state

its reasons for granting a continuance nor make a best interest finding if it is obvious and set forth in the motion for a continuance."  United States v. Laureano-Pérez, 797 F.3d 45, 59 n.8 (1st Cir. 2015) (internal citation and quotation omitted).

### C.  The Codefendant Exclusion

The STA "clock [stops] for one defendant in the same manner and for the same amount of time as for all co-defendants." United States v. Mayrea, 704 F.3d 55, 63 (1st Cir. 2013) (citation and quotation omitted); United States v. Molina, 407 F.3d 511, 532 (1st Cir. 2005) ("The purpose of [the codefendant] rule is to prevent the Speedy Trial Act from becoming a sword that can be used to shred the joinder rules.  Only in that way can the federal courts maintain the efficiency advantages of joint trials."); see 18 U.S.C. § 3161(h)(6).  Accordingly, Agosto, Hernández, Vázquez, Abreu, Ramos, and Tapia are subject to the same speedy trial clock. United States v. Barnes, 251 F.3d 251, 259 (1st Cir. 2001) ("[C]ases involving multiple defendants are governed by a single speedy trial clock, which begins to run with the clock of the most recently added defendant.") (internal citation and quotation omitted).

## III. Application of the Speedy Trial Act

To determine whether an STA violation occurred, the Court first calculates the "aggregate time elapsed awaiting trial . . .

then ascertain[s] how many days should be excluded from the total time." Laureano-Pérez, 797 F.3d at 57 (citation and quotation omitted). Agosto contends that the STA clock commenced on February 8, 2018, the date of his arraignment. Docket No. 300 at p. 2; see Docket No. 13. In a multidefendant action, however, the Court calibrates the STA clock according to the most recent initial appearance. United States v. Casas, 425 F.3d 23, 31 (1st Cir. 2005) ("The Supreme Court has interpreted [section 3161(h)(7)] to mean that the clock does not, in effect, begin to run until the date of the most recent defendant's initial appearance before the court.") (citing Henderson, 476 U.S. at 331 (holding that the STA clock began on the date of the final codefendant's arraignment)). Vázquez, the final defendant arrested by law enforcement officers in this action, first appeared before a judicial officer on March 29, 2018. (Docket No. 61.) Accordingly, the STA clock began on March 29, 2018, not the date of Agosto's arraignment.

The timeframe subject to STA computation extends from March 29, 2018 to November 29, 2019, the date Agosto filed his motion to dismiss. See United States v. Hood, 469 F.3d 7, 9 (1st Cir. 2006) ("The speedy trial clock begins ticking on the day a defendant first appears in court and stops the day the defendant files a motion to dismiss for lack of speedy trial."). This interval represents 610 calendar days. The record demonstrates,

however, that there is no Speedy Trial Act violation.  As set forth

in the table below, the twenty-month delay between Vázquez's

initial appearance and Agosto's motion to dismiss is attributable

to pretrial motions, hearings, and continuances.

## SPEEDY TRIAL ACT CALCULATION

| DATE | DAYS | REASON FOR DELAY |
|---|---|---|
| March 29, 2018 | 0 | Vázquez's initial appearance.  Docket No. 61; see 18 U.S.C. § 3161(h)(1)(A) ("delay resulting from any proceeding" involving the defendant). |
| March 29, 2018 through April 13, 2018 | 0 | On March 29, 2018, the United States moved to continue a previously scheduled status conference.  Docket No. 58; see 18 § 3161(h)(1)(D) ("delay resulting from any pretrial motion").[4]  The Court granted the United States' motion on April 2, 2018, holding that the "speedy trial is tolled in the interest of justice."  Docket No. 59; 18 § 3161(h)(7).[5] |
| April 13, 2018 through July 13, 2018 | 0 | The first status conference occurred on April 13, 2018.  Docket No. 74; 18 U.S.C. § 3161(h)(1)(A).  The Court scheduled the second status conference for July 13, 2018, holding that the "speedy trial is tolled in the interest of justice."  Id.; see 18 U.S.C. § 3161(h)(7).[6] |

---

[4] See United States v. Moreno-Navarro, 575 F. Supp. 2d 341, 344 (D.P.R. 2008) ("Any motion filed by a defendant or even by the government, as movant, tolls the speedy trial.") (citation omitted) (Domínguez, J.).

[5] The STA clock also stopped on April 9, 2018, the day of Vázquez's detention hearing.  Docket No. 75; 18 U.S.C. § 3161(h)(1).

[6] The STA clock also stopped on April 23, 2018 because Agosto moved for reconsideration and de novo review of the magistrate judge's detention order.  Docket No. 79; see 18 U.S.C. § 3161(h)(1)(D).  The Court denied Agosto's motion for reconsideration 11 days later, on May 4, 2018.  (Docket No. 83.)

| DATE | DAYS | REASON FOR DELAY |
|------|------|-------------------|
| July 13, 2018 through October 5, 2018 | 0 | The second status conference occurred on July 13, 2018. Docket No. 94; 18 U.S.C. § 3161(h)(1)(A). The parties requested an additional 60 days to review discovery. Id. The Court scheduled the third status conference for September 28, 2018, holding that the "speedy trial is tolled in the interest of justice." Id.; see 18 U.S.C. § 3161(h)(7).[7] Subsequently, the Court reset the second status conference for October 5, 2018. (Docket No. 103.) |
| October 5, 2018 through December 13, 2018 | 0 | The third status conference occurred on October 5, 2018. Docket No. 110; 18 U.S.C. § 3161(h)(1)(A). The United States informed the Court that "this is a complex case, [and] all defendants have been provided with individual discovery." Id. Agosto notified the Court that he intended to file a motion to suppress evidence. Id. The Court scheduled a fourth status conference for December 13, 2018, holding that the "speedy trial is tolled in the interest of justice." Id.; see 18 U.S.C. § 3161(h)(7).[8] |

---

[7] The STA clock also stopped on September 5, 2018, the day that Ramos filed a pro se motion pursuant to Federal Rule of Criminal Procedure 16. Docket No. 96; 18 U.S.C. § 3161(h)(1)(D). The Court denied Ramos' motion on September 18, 2018. (Docket No, 96.) Thus, 13 days are excluded from the STA clock. See 18 U.S.C. § 3161(h)(1)(D).

   On September 19, 2018, Agosto moved that the Court "order that he not be taken to . . . the codefendants' meeting with the Government." (Docket No. 98.) The Court denied Agosto's motion as moot on September 28, 2018. (Docket No. 104.) This delay excludes 9 days from the STA clock. See 18 U.S.C. § 3161(h)(1)(D).

[8] The STA clock also stopped on October 31, 2018 because Assistant United States Attorney Carlos Cardona ("Cardona") moved to withdraw from this case. (Docket No. 111.) The Court noted Cardona's motion on the same day. Docket No. 112; 18 U.S.C. § 3161(h)(1)(D).

| DATE | DAYS | REASON FOR DELAY |
|------|------|------------------|
| December 13, 2018 through January 25, 2019 | 0 | The fourth status conference occurred on December 13, 2018.  Docket No. 119; 18 U.S.C. § 3161(h)(1)(A).  Defense counsel requested, and the Court granted, additional time to discuss pending legal matters and to conduct plea negotiations.  Id.; 18 U.S.C. § 3161(h)(7).  The Court scheduled a status conference for January 25, 2019. |
| January 25, 2019 through February 19, 2019 | 0 | The fifth status conference occurred on January 25, 2019.  Docket No. 122; 18 U.S.C. § 3161(h)(1)(A).  Agosto informed the Court of his intention to stand trial.  Id.  The Court continued trial, however, to allot the remaining defendants an opportunity to "gauge their interest in an agreement or go[] to trial."  Id.; see 18 U.S.C. § 3161(h)(7).  The parties also discussed the availability of a cooperating witness.  The Court scheduled a sixth status conference for February 15, 2019.  Id.  The Court subsequently reset the sixth status conference for February 19, 2019.  (Docket No. 128.) |
| February 19, 2019 through March 18, 2019 | 0 | The sixth status conference occurred on February 19, 2019.  Docket No. 129; see 18 U.S.C. § 3161(h)(1).  Defense counsel for Hernández, Vázquez, Abreu, Ramos, and Tapia moved for a three-week continuance to discuss plea offers with their clients.  Id.; Docket No. 309 at p. 7.  The Court granted their motion for a continuance, scheduling a pretrial conference and trial for March 19, 2019 and March 25, 2019, respectively.  Id.; 18 U.S.C. § 3161(h)(7).[9] |

---

[9] On March 12, 2019, Ramos and Tapia requested a continuance to consider "plea options recently presented to the defendants," and to prepare for trial. (Docket Nos. 137 and 162.)  The Court noted their motion to continue on March 15, 2019, excluding 3 days from the STA clock.  (Docket No. 145.)

| DATE | DAYS | REASON FOR DELAY |
|---|---|---|
| March 18, 2019 through September 20, 2019 | 0 | On March 18, 2019, Ramos and Agosto filed individual motions to suppress evidence pursuant to the Fourth Amendment. (Docket Nos. 153 and 154; 18 U.S.C. § 3161(h)(1)(D). Ramos also moved to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 8. (Docket No. 163.)[10] The Court referred the pretrial motions to a magistrate judge for a hearing, if necessary, and a report and recommendation ("R&R"). (Docket Nos. 156, 158 and 165.) Magistrate Judge Bruce J. McGiverin subsequently issued R&R's recommending that the Court deny the motions to suppress and motion to dismiss. (Docket Nos. 185, 220 and 225.) The Court adopted the R&R's on May 31, 2019, September 11, 2019 and September 20, 2019. (Docket Nos. 195, 244 and 248.) On this later date, the Court scheduled a pretrial conference and trial for October 17, 2019 and October 21, 2019, respectively. (Docket No. 249.) |
| September 21, 2019 through October 2, 2019 | 12 | No Exclusion is Applicable. |
| October 3, 2019 through October 4, 2019 | 0 | On October 3, 2019, Agosto moved for an updated designation of evidence, *Giglio*, and *Jencks* materials. (Docket No. 254.) The Court granted Agosto's motion the next day. Docket No. 255; 18 U.S.C. § 3161(h)(1)(D). |
| October 5, 2019 | 1 | No Exclusion is Applicable. |

---

[10] The Court granted Tapia and Abreu's motions to join Ramos' suppression and dismissal motions. (Docket Nos. 160, 163, 164, 166, 169 and 170.)

| DATE | DAYS | REASON FOR DELAY |
|------|------|------------------|
| October 6, 2019 through October 7, 2010 | 0 | On October 6, 2019, the United States moved for reciprocal discovery and for authorization to review the Pretrial Service Reports on October 7, 2019. (Docket Nos. 256 and 257.) The Court granted the United States' motions the next day. Docket Nos. 259 and 260; 18 U.S.C. § 3161(h)(1)(D). |
| October 8, 2019 through October 10, 2019 | 3 | No Exclusion is Applicable. |
| October 11, 2019 through November 29, 2019 | 0 | Tapia moved to suppress statements pursuant to the Fifth Amendment. Docket No. 267; 18 U.S.C. § 3161(h)(1)(D). The Court referred Tapia's motion to a magistrate judge for an R&R on October 21, 2019. (Docket No. 289.) Magistrate Judge Marshal D. Morgan scheduled a suppression hearing for January 10, 2020. (Docket No. 295.) Agosto moved for dismissal pursuant to the STA on November 29, 2019. (Docket No. 300.)[11] |

**Speedy Trial Clock Total**:

16 Days of Unexcused Delay

594 Days of Excused Delay

### A. Agosto's Speedy Trial Calculation is Incorrect

According to Agosto, 117 days of unexcused delay elapsed between November 2, 2018 and March 18, 2019. (Docket No. 300 at p. 2.) This interval consists of 136 calendar days. In a

---

[11] See United States v. Gates, 650 F. Supp. 2d 81, 83 n. 1 (D. Me. 2009) ("[The defendant] acknowledges that the speedy trial clock stopped while his motion to suppress was pending.")

perfunctory manner and without citing the relevant STA exclusions, he argues that "no more than seven (7) excusable days" accrued during this five-month interval. Id. Based on this proposition, 129 days of unexcused delay elapsed. This discrepancy is inconsequential, however, because trial is scheduled to commence well within the timeframe mandated by the STA.

Agosto presents a myopic, overly formulaic interpretation of the STA. He argues that "the Court issued no ruling involving the Speedy Trial Act." (Docket No. 300 at p. 2.) The Court need not quote the statute, however, to invoke the section 3161(h)(7) exclusion for continuances. Valdivia, 680 F.3d at 40.[12] Defense counsel's motion for additional time and the Court's order are "complementary documents," analyzed as one record to determine whether an ends-of-justice continuance tolled the speedy trial clock. United States v. Bruckman, 874 F.2d 57, 62 (1st Cir. 1989) (noting that "the basic facts and justifying grounds for the requested continuance and excludable time under the Speedy Trial Act are clearly obvious as explained in the

---

[12] See also United States v. Rush, 738 F.2d 497, 508 (1st Cir. 1984) (holding that "it is generally preferable to limit a continuance to a definite period for the sake of clarity and certainty; but at the same time it is inevitable that in some cases, like the present one, a court is forced to order an (h)(8) continuance without knowing exactly how long the reasons for supporting the continuance will remain valid.").

government's motion and memorandum which was 'allowed' by the trial court.").[13]

The Court continued trial in the interests of justice at the fourth, fifth and sixth status conferences, tolling the STA clock for 95 days (December 12, 2018 through March 18, 2019). (Docket Nos. 119, 122 and 129.)[14]

### 1. The Fourth Status Conference

On December 13, 2018, the United States informed the Court that the parties intended to discuss formal plea offers at an upcoming proffer session. (Docket No. 307 at p. 4—6.) Rebollo asserted that "after that [proffer] meeting [on December 19, 2018], [the defendants] will be able to report back to the Court on what, if anything, will happen next." Id. at p. 5. Moreover, Domínguez notified the Court that "there are pressing and significant legal matters that could have an effect on the disposition of the case that need to be discussed." Id. at p. 5. The Court scheduled the fifth status conference for January 25, 2019 to allow "[defense] counsel additional time to discuss pending

---

[13] See United States v. Mitchell, 723 F.2d, 1040 1044 (1st Cir. 1983) ("Reading the motion and the judge's ruling as complementary documents, we have no difficulty finding that the provisions of [the "interest of justice" exclusion] were satisfied.") (citing United States v. Guerrero, 667 F.2d 862, 866-67 (10th Cit. 1981) ("Where the motion sets forth the basic facts, and they are obvious, it is not necessary for the court to articulate them.")).

[14] Defense counsel María Domínguez-Victoriano ("Domínguez") and Francisco Rebollo-Casalduc ("Rebollo") represent Agosto and appeared at the status conferences on his behalf. (Docket Nos. 307-309.)

legal matters and commence negotiation conversations." (Docket No. 119.)

Although the Court did not refer explicitly to the "ends-of-justice" language, the reasons for issuing the continuance comport with section 2161(h)(7). Ensuring that counsel possess adequate time to prepare for trial is a valid reason to continue an action. See, e.g., Apicelli, 839 F.3d at 84—85 (finding "no abuse of discretion in [the district court's] issuance of an ends-of-justice continuance" to "give counsel time to prepare" and "to review the new evidence and potentially prepare new exhibits").[15] Failure to grant a defendant's request for a continuance would deny him of her "reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv). Allotting the parties additional time to engage in plea negotiations also falls within the "ends-of-justice" exclusion. United States v. Gottesfeld, 319 F. Supp. 3d 548, 560 (D. Mass. 2018) ("Defendant, here, through counsel, indicated that he was 'seriously considering' a plea agreement . . . Under these circumstances, the

---

[15] See also United States v. Sepulveda, 15 F.3d 1161, 1193 n.25 (1st Cir. 1993) ("We note that the district court also granted an ends-of-justice continuance on December 18, 1990, in response to [the defendant's] motion for an extension of discovery deadlines, thereby providing an additional source of excludable time"); United States v. Bell, Case No. 17-3505, 2019 U.S. App. LEXIS 16534 *21 (7th Cir. June 3, 2019) ("[N]ew discovery materials" regarding the superseding indictment constituted "ample reason to conclude that the failure to grant a continuance would deny defense counsel reasonable time for effective preparation.") (internal citation and quotation omitted).

Court finds that the orders excluding time were appropriate under the ends-of-justice provision of the Speedy Trial Act and that defendant is judicially estopped from advancing a position contrary to his earlier assessment.").[16]

### 2. The Fifth Status Conference

At the fifth status conference, the United States notified the Court that although "[Agosto] will go to trial," it continued to engage in meaningful plea negotiations with the remaining defendants. Docket No. 308 at p. 4; see, e.g., United States v. Lara, Case No. 15-069, 2015 U.S. Dist. LEXIS 68767 *3 (D. Me. May 27, 2015) (holding that because "the continuances requested by Lara's codefendants are excludable under the Ends of Justice Clause . . . the delays resulting from the continuances are reasonable as to Lara."). Rebollo informed the Court that he was "available some time in February [2019] for this trial." Id. at p. 7. The Court set the sixth status conference for February 15, 2019 to accommodate defense counsel's schedule, to allow the transportation of a cooperating witness and to facilitate plea negotiations. (Docket No. 122.)[17] The Court also articulated a

---

[16] See United States v. Sobh, 571 F.3d 600 (6th Cir. 2009) (affirming exclusion based on section 3161(h)(7) because "counsel for all the codefendants requested additional time to prepare, and represented that several of the codefendants continued to pursue fruitful plea negotiations and needed additional time to ascertain how to proceed").

[17] The STA excludes time "resulting from the absence or unavailability of the defendant or an essential witness." 18 U.S.C. § 3161(h)(3)(A).

preference that the defendants stand trial together.  Id. at p. 7

("If I set a trial for February, then everybody goes to trial.");

United States v. Congo, Case No. 18-193, 2019 U.S. Dist. LEXIS

27362 *2—3 (D. Me. Feb. 21, 2019) ("Under the totality of the

circumstances, the utility and efficiency of a single trial

outweighs any prejudice to [the defendant], and I conclude that

the delay occasioned by the speedy trial order is reasonable.").

Subsequently, the Court rescheduled the sixth status conference

for February 19, 2019.  (Docket No. 128.)[18]

### 3.    The Sixth Status Conference

According to the United States, the intervening

plea negotiations between the fifth and sixth status conferences

resulted in "more beneficial" offers to Hernández, Vázquez, Abreu,

Ramos, and Tapia.  (Docket No. 309 at p. 4.)  On February 29, 2019,

Rebollo requested "four weeks to file a motion to suppress [on

behalf of Agosto], one week after the change of plea deadline, or

whatever other date the Court deems appropriate".  Id. at p. 9.

The Court scheduled a pretrial conference for March 19, 2019, and

trial for March 25, 2019. Id.  Agosto filed a motion to suppress

on March 28, 2019.  (Docket No. 154.)

---

[18] See United States v. Campbell, 706 F.2d 1138, 1143 (11th Cir. 1983) ("Congress
recognized the utility of multi-defendant trials to effectuate the prompt
efficient disposition of criminal justice.  It felt that the efficiency and
economy of joint trials far outweighed the desirability of granting a severance
where the criterion was simply the passage of time.") (internal citation and
quotation omitted).

Agosto benefited from the continuance by permitting his attorney to prepare a motion to suppress. After utilizing this continuance to his advantage, Agosto now argues that the time between the sixth status conference and his motion to suppress constitutes unexcused delay. Agosto's argument is unavailing. The STA is a shield against prolonged prosecutions, not a sword against justified and self-inflicted delay. United States v. Morales-Castro, 950 F. Supp. 2d 345, 349 (D.P.R. 2013) (denying motion to dismiss the indictment for violation of the STA because the defendant "has benefited from his request for continuances and from the order that vacated the original trial date; he may not now claim that he is prejudiced in the Court's actions") (Besosa, J.).[19] Accordingly, Agosto's motion to dismiss is **DENIED**.

---

[19] See United States v. Pringle, 751 F. 2d 419, 434 (1st Cir. 1984) (affirming denial of motion to dismiss because defendants cannot "lull the court and prosecution into a false sense of security only to turn around later and use [the speedy trial] waiver-induced leisurely place of the case as grounds for dismissal"); Pakala, 568 F.3d at 60 ("[Defendant] would obtain an 'unfair advantage' by benefiting from his continuances and then later claiming that he was somehow prejudiced by the district court's actions."); United States v. Scantleberry-Frank, 158 F.3d 612, 615-16 (1st Cir. 1998) ("Defense counsel cannot have it both ways. Either she may agree that the continuance granted for her be excluded from STA consideration, or she must object to the continuance."); United States v. Troy, 564 F. Supp. 2d 42, 45 (D. Me. 2008) ("Having sought and been granted further time to investigate and defend the case, [the defendant] is in no position to complain about the delay that he occasioned and that was for his benefit."); United States v. Colón-Ledée, Case No. 09-131, 2011 U.S. Dist. LEXIS 67693 *24 (D.P.R. June 22, 2011) (denying motion to dismiss pursuant to the STA in part because "defendants have benefited not only from the continuance in the instant case, but also from the court's temporal leniency in granting repeated extensions of time") (Delgado-Colón, J.).

**IV.  Conclusion**

For the reasons set forth above, Agosto's motion to dismiss pursuant to the Speedy Trial Act is **DENIED with prejudice**.  (Docket No. 300.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December 18, 2019.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE